# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND WILLOUGHBY and<br>DAMIEN WARD, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | No. 17 CV 2800 |
| v. | )<br>) | Judge Ronald A. Guzmán |
| VILLAGE OF FOX LAKE,<br>OFFICERS ATHA HUNT #9640<br>and THOMAS JONITES,<br>INVESTIGATORS BRAD SCHROEDER<br>and LUIS RIVERA, SERGEANT THOMAS,<br>LIEUTENANT NIELSEN, and<br>JOHN DOES, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons explained below, the motions to dismiss defendants Brad Schroeder, Luis Rivera, and Atha Hunt are denied.

## BACKGROUND

In this action, plaintiffs allege that their Fourth Amendment rights were violated when they were arrested and detained in conjunction with the investigation that occurred after the death of Charles Joseph Gliniewicz, who was a police lieutenant for the Village of Fox Lake, Illinois (the "Village"). It was later revealed that Gliniewicz had staged his suicide to look like a homicide. It is alleged that prior to taking his own life, Gliniewicz sent a radio transmission to the Village police department in which he falsely stated that he was pursuing three individuals, two "male whites" and one "male black." (ECF No. 205, 6th Am. Compl. ¶ 11.) The Court

assumes familiarity with its previous opinions and orders and the facts and procedural history of this case.

Defendants Brad Schroeder, Luis Rivera, and Atha Hunt move separately under Federal Rule of Civil Procedure 12(b)(6) to dismiss the § 1983 claims asserted against them on the ground that they are barred by the statute of limitations. On July 26, 2018, plaintiffs filed a Fourth Amended Complaint ("FAC") in which Schroeder, Rivera, and Hunt were named as defendants for the first time in this action. Plaintiffs subsequently amended their pleadings to assert the same claims previously asserted, dropping and adding certain defendants who are not pertinent to this opinion and order.

## LEGAL STANDARDS

When evaluating the sufficiency of a complaint, the Court construes the complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded facts therein, and draws all reasonable inferences in plaintiff's favor. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). While the statute of limitations is an affirmative defense and a plaintiff need not affirmatively plead timeliness, dismissal is appropriate where it is clear from the face of the complaint that it is "hopelessly time-barred." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674-75 (7th Cir. 2009); *see also Cannon v. Newport*, 850 F.3d 303, 306 (7th Cir. 2017) ("[W]hen a complaint reveals that the action is untimely, the court can dismiss it.").

**DISCUSSION**

Plaintiff Raymond Willoughby alleges that, on the day of Gliniewicz's suicide, he was falsely arrested by Officer Hunt and transported to the Round Lake Police Department, where he was interrogated by Investigators Schroeder and Rivera. Willoughby requested and tried to leave but was told he could not do so because he was in custody. He was released after several hours. (6th Am. Compl. ¶¶ 38-42.)

Section 1983 claims arising in Illinois are subject to its two-year limitations period for personal-injury claims. *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). Schroeder, Rivera, and Hunt contend that Willoughby's claims against them are untimely because the alleged false arrest occurred on September 1, 2015 (and Willoughby was released on the same date), and Willoughby did not assert the claims until July 26, 2018, over two years later. Unless the limitations period was tolled or the FAC relates back to the original complaint (which was timely filed on April 13, 2017), the claims against Schroeder, Rivera, and Hunt are untimely.

In response to defendants' motions, Willoughby contends that, because this action was originally filed as a class action, the statute of limitations was tolled from April 13, 2017 until June 6, 2018, the date the Court entered an order denying plaintiffs' motion for class certification. Willoughby says that 19 months passed between his arrest and the filing of the complaint; the statute of limitations was then tolled until June 2018, which would leave about 5 months until the expiration of the limitations period in November 2018; and the July 2018 amendment adding the new defendants was therefore within the limitations period. In support of his argument, Willoughby cites *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), in which the Supreme Court held that the statute of limitations is suspended during the period between the timely filing of a class-action complaint and the denial of a motion for class

certification, for members of the putative class who make timely motions to intervene after the denial, and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983), in which the Supreme Court clarified that its ruling in *American Pipe* also protects putative class members who decline to intervene in the class action but instead seek to bring their own individual suit after class certification is denied. Willoughby also cites the Seventh Circuit's observation that, "[w]hen a plaintiff files a complaint on behalf of a proposed class, the statute of limitations for the claim is tolled for each member of the class," and "[t]he tolling continues until the case is stripped of its character as a class action." *Collins v. Vill. of Palatine*, 875 F.3d 839, 840 (7th Cir. 2017) (citation and internal quotation marks omitted), *cert. denied*, 138 S. Ct. 2014 (2018).

Defendants, in reply, direct the Court to decisions in which courts held that a putative class action against one defendant does not toll the statute of limitations on claims against a different defendant. For example, in *Wyser-Pratte Management Co. v. Telxon Corp.*, 413 F.3d 553, 567-68 (6th Cir. 2005), the Sixth Circuit considered whether, under Ohio law as predicted by the court, *American Pipe* tolling applied to suspend the limitations period for claims against one defendant that could have been, but were not, brought in an earlier class action against other defendants. The Sixth Circuit first stated that it looked to federal class-action principles for guidance, given the parties' reliance on United States Supreme Court decisions and the dearth of Ohio state-court decisions. The court then explained that the "first principle of significance" in its tolling analysis was that "the class action must afford the defendant with adequate notice." *Id.* at 567. Ultimately, the court concluded that class-action tolling does not apply to claims against a defendant not named in the class-action complaint. *Id.* at 568.

It is important to note that *American Pipe* and *Crown* "involve the tolling of *federal* statutes of limitations in class actions filed in federal courts, not the tolling of *state* statutes of

4

limitations in class actions filed in federal courts." *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 09 CV 3690, 2015 WL 3988488, at *30 (N.D. Ill. June 29, 2015). When state law supplies the limitations period, as it does here, it also supplies the tolling rules. *Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 265 (7th Cir. 1998). Illinois recognizes the *American Pipe* tolling doctrine, with certain limitations that are not relevant here. *Steinberg v. Chi. Med. Sch.*, 371 N.E.2d 634, 645 (Ill. 1977); *Portwood v. Ford Motor Co.*, 701 N.E.2d 1102, 1103 (Ill. 1998). But, as far as the Court can tell, neither the Seventh Circuit nor Illinois courts have addressed the precise issue before this Court: whether, under Illinois law, *American Pipe* tolling applies to claims against defendants that were not part of the original complaint. Illinois courts have held, however, that such tolling questions should be determined on a case-by-case basis, with the court weighing the interests that could be served by the application of the tolling rule against the potential for "abuse." *Regnery v. Meyers*, 679 N.E.2d 74, 81 (Ill. App. Ct. 1997); *Hess v. I.R.E. Real Estate Income Fund, Ltd.*, 629 N.E.2d 520, 532 (Ill. App. Ct. 1993).

The Court is persuaded by the reasoning of *Wyser-Pratte*, in which the Sixth Circuit was chiefly concerned with the issue of notice to the defendant, citing Justice Powell's concurrence in *Crown*. 413 F.3d at 567. Justice Powell explained therein:

> The tolling rule of *American Pipe* is a generous one, inviting abuse. It preserves for class members a range of options pending a decision on class certification. The rule should not be read, however, as leaving a plaintiff free to raise different or peripheral claims following denial of class status.
>
> In *American Pipe* we noted that a class suit "notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who participate in the judgment. Within the period set by the statute of limitations, the defendants have the essential information necessary to determine both the subject matter and size of the prospective litigation." [414 U.S.] at 555. When thus notified, the defendant normally is not prejudiced by tolling of the statute of limitations. It is important to make certain, however, that *American Pipe* is not abused by the assertion of

claims that differ from those raised in the original class suit. . . . Claims as to which the defendant was not fairly placed on notice by the class suit are not protected under *American Pipe* and are barred by the statute of limitations.

462 U.S. at 354-55 (Powell, J., concurring). Here, tolling would not serve to promote the kinds of class-action policy interests discussed in *American Pipe*. Moreover, it would be a significant abuse of *American Pipe* to hold that the statute of limitations was tolled as to the claims that were first asserted against Schroeder, Rivera, and Hunt in July 2018, because they were not placed on notice of the class's claims when this class-action suit was filed. The Court therefore declines to apply *American Pipe* tolling. *See Vodak v. City of Chi.*, No. 03 CV 2463, 2006 WL 1049736, at *4 (N.D. Ill. Apr. 19, 2006) ("Plaintiffs' original complaint did not put the added Defendants on notice of any claims against them. Because the added Defendants were not named in the original class complaint, the statute of limitations against them was not tolled by its filing."); *Dairy Farmers*, 2015 WL 3988488, at *30 ("*American Pipe* does not apply to toll new claims. . . . Because these three claims did not appear in the [first-filed] complaint, they are time barred, and *American Pipe* tolling cannot save them.").

Willoughby also argues that, even if the limitations period is not tolled, the addition of these defendants relates back to the date of the original complaint. Federal Rule of Civil Procedure 15(c) provides that an amended complaint relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

6

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). Thus, whether the FAC relates back to the original complaint depends on whether Illinois law allows relation back, or, because the FAC changes the parties, whether the newly-added defendants had such notice of this suit that they would not be prejudiced in defending it and they knew or should have known that they would have been timely named but for a mistake about their identities. "Illinois' relation-back doctrine is, in all material respects, identical to the federal rule." *In re Safeco Ins. Co. of Am.*, 585 F.3d 326, 331 (7th Cir. 2009). Therefore, the Court's inquiry boils down to whether the requirements of Rule 15(c)(1)(B) and (c)(1)(C) are satisfied. Only subsection (c)(1)(C) is at issue.

Defendants focus on Rule 15(c)(1)(C)(ii), which refers to a "mistake" in determining the proper defendant's identity. For many years, the Seventh Circuit adhered to the "John Doe rule," pursuant to which a plaintiff's lack of knowledge about a defendant's identity was not considered a "mistake" within the meaning of Rule 15(c) such that a plaintiff could amend his complaint and take advantage of the relation-back doctrine. *See, e.g.*, *Hall v. Norfolk S. Ry.*, 469 F.3d 590, 596 (7th Cir. 2006). But the relation-back landscape shifted in 2010, when the Supreme Court issued its decision in *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538. As the Seventh Circuit later explained, *Krupski* changed what it and other courts had understood to be the proper standard for deciding whether an amended complaint relates back to the date of the filing of the original complaint. *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 559 (7th Cir. 2011). Post-*Krupski*, courts focus on the defendant's knowledge. The question is what the defendants knew or should have known during the Rule 4(m) period for service, not

7

what Willoughby knew or should have known when he filed the original complaint. *See Krupski*, 560 U.S. at 548. "The only two inquiries that the district court is now permitted to make in deciding whether an amended complaint relates back to the date of the original one are, first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself." *Joseph*, 638 F.3d at 559-60.

The Seventh Circuit has not expressly addressed whether the John Doe rule survived *Krupski*, and courts in this district are divided. *See McWilliams v. Cook Cty.*, No. 15 CV 53, 2018 WL 3970145, at *4 (N.D. Ill. Aug. 20, 2018) (citing cases). This Court is among those who have concluded that it did not survive *Krupski*. *Moore v. Cuomo*, No. 14 CV 9313, 2018 WL 4095101, at *6 (N.D. Ill. Aug. 28, 2018). Under subsection (ii) of Rule 15(c)(1)(C), the Court considers whether the newly-added defendants understood or reasonably should have understood that Willoughby intended in the original complaint to sue them. *See Krupski*, 560 U.S. at 553-54; *Haroon v. Talbott*, No. 16 CV 4720, 2017 WL 4280980, at *8 (N.D. Ill. Sept. 27, 2017) ("In John Doe cases under *Krupski*, a plaintiff's lack of knowledge neither automatically bars the plaintiff from the shelter of the relation-back doctrine, nor compels the court to find that an amended complaint relates back to the original complaint. Instead, this Court must ascertain whether there is any basis in the record for saying that Talbott could have legitimately believed that the limitations period had passed without any attempt by Haroon to sue him.") (citation and internal quotation marks omitted).

In the original complaint, plaintiffs complained that they had been wrongfully arrested and detained in conjunction with the Gliniewicz investigation, and they named John Doe police officers as defendants. (ECF No. 1, Compl.) In Count I, plaintiffs alleged that there was no probable cause to arrest or detain them and that they suffered damages "[b]y reason of the above-described acts of the Defendant Officers." (*Id.* at 13-14.) The acts of which Willoughby complained were that John Doe Police Officers arrested him and held him on the scene for one or two hours; transported him to the Round Lake Police Department, where he was held for several more hours; and, when he requested and tried to leave, told him that he could not do so because he was in custody. (*Id.* ¶¶ 40-44.)

It appears from the original complaint that Willoughby intended to sue the officers who were involved in arresting him, taking him into custody, and holding him at the Round Lake Police Department. Under Rule 15(c)(1)(C)(ii), the proper inquiry is whether the newly-added defendants knew or should have known that but for Willoughby's inability to discover their identities, they would have been named as defendants. On the current record, the Court is unable to resolve this issue in defendants' favor. *See, e.g.*, *Clair v. Cook Cty.*, No. 16 C 1334, 2017 WL 1355879, at *4 (N.D. Ill. Apr. 13, 2017) ("Because the complaint does not speak to what the newly added defendants knew or should have known about this lawsuit, the court cannot resolve the Rule 15(c)(1)(C)(ii) issue in their favor on a motion to dismiss."). The Court denies defendants' motions without prejudice to the issue being raised later in the proceedings after the record has been developed.

## CONCLUSION

The motions to dismiss Brad Schroeder [158], Luis Rivera [178], and Atha Hunt [193] are denied.


**DATE**: December 4, 2018

_____
**Ronald A. Guzmán
United States District Judge**